## ALEXANDER BINZEL CORPORATION and Alexander Binzel GmbH & Company, KG, Plaintiffs–Appellants,

v.

## NU–TECSYS CORPORATION and Karl–Heinz Binzel, Jr., Defendants–Appellees.

### No. 97–2379.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 16, 1998.

Decided March 12, 1998.

James R. Wood, W.A. VanSanten, Wood Phillips, VanSanten, Clark & Mortimer, Chicago, IL, Randall G. Litton (argued), Price, Heneveld, Cooper, Dewitt & Litton, Grand Rapids, MI, for Plaintiffs–Appellants.

Daniel Vittum, Jr., Kirkland & Ellis, Gregory J. Smith (argued), Deerfield, IL, for Defendants–Appellees.

Before CUMMINGS, BAUER and EVANS, Circuit Judges.

CUMMINGS, Circuit Judge.

Alexander Binzel Corporation, a Michigan corporation with its principal place of business in Frederick, Maryland ("Binzel U.S."), and Alexander Binzel GmbH & Company, KG, with its principal place of business in Buseck, Germany ("Binzel Germany"), brought this suit against Nu–Tecsys Corporation, an Illinois corporation with its principal place of business in Waukegan, Illinois ("Nu–Tecsys"), and against Karl-Heinz Binzel, a Nu–Tecsys employee ("Binzel"). Binzel U.S. is a wholly owned subsidiary of Binzel Germany. Binzel is the son of Alex-

ander Binzel, Sr., founder of the German parent of Binzel U.S.

The complaint was filed in April 1991 and alleged that defendants were selling welding products bearing trade dress, trademarks, model and part numbers and other indicia causing confusion as to their source in violation of 15 U.S.C. § 1125(a), which imposes civil liability on any person who uses a false description of origin or misleading description in connection with goods. In addition to damages the requested relief was an injunction against unfair competition by the defendants. A similar amended complaint was filed in October 1991.

Plaintiffs' motion for a preliminary injunction was heard by then-Magistrate Judge Gottschall in May 1991. Her resulting opinion recommended that the district court grant some of the requested injunctive relief. However, Judge Holderman subsequently denied a preliminary injunction.

After the filing of the complaint, defendants moved to stay the action pending arbitration in Germany. They asserted that the conduct complained of was covered by an agreement between the parties containing a binding arbitration clause. Arbitration proceedings were initiated in Germany by Binzel Germany. In May 1993 the district court, allegedly dissatisfied with the speed of the German arbitration, dismissed the case with leave to reinstate until May 20, 1994.

In February 1995 the German arbitration tribunal entered a partial arbitral award in favor of plaintiffs, but only until January 15, 1991, the date that the arbitration tribunal concluded that the contract prohibition against such activities expired. Plaintiffs submitted the award to the district court together with a motion requesting the action be reinstated in order to seek relief for the alleged continued tortious conduct of defendants after January 15, 1991. The motion to reinstate was denied in November 1995, causing an appeal to this Court. In October 1996 we held that since the district court had not yet entered a final judgment but merely denied the plaintiffs' motion to reinstate, we were without jurisdiction, causing us to dismiss the appeal.

In December 1996 the district court invited plaintiffs to renew their motion to reopen the proceeding, and such a motion was filed in January 1997 asking the district court to reinstate this case on the active calendar for the purposes of discovery and trial, focusing on unfair competitive activities engaged in by defendants subsequent to January 15, 1991, the date the arbitration tribunal determined the arbitration clause to have expired (A3).[1] This motion was denied on March 18, 1997(A1). On April 17, 1997, the plaintiffs filed a motion to confirm the award and for limited discovery (A51–53). Plaintiffs' motion to confirm the award was granted but their motion for limited discovery was denied on April 25, 1997(A54). Plaintiffs' motion to reinstate the case for the purpose of conducting discovery to determine the amount of compensation due them under Section II of the arbitration award[2] was denied on May 16, 1997(A55).

The following notice of appeal was filed by plaintiffs on June 6, 1997:

Notice is hereby given that ALEXANDER BINZEL CORPORATION and ALEXANDER BINZEL GmbH & CO, KG, Plaintiffs in the above-named action, hereby appeal to the United States Court of Appeals for the Seventh Circuit from an Order refusing to reinstate the action on the District Court's active calendar entered the 18th day of March, 1997, and from an Order granting Plaintiffs' motion to confirm award [only until January 1, 1991] and denying Plaintiffs' motion for limited discovery dated April 25, 1997 (the latter minute order subsequently embodied in a formal Order dated May 16, 1997).

**Facts**

Defendant Binzel is the former president and former owner of 40% of plaintiff Binzel U.S. In 1985 Binzel sold his share in Binzel U.S. to Phoenix Maschinentechnik AG ("Phoenix AG"). That company subsequently transferred its ownership interest to appellant Binzel Germany. In September 1986 Binzel resigned from Binzel U.S. The 1985 purchase agreement and the 1986 termi-

---

1. The letter A used herein refers to the Joint Appendix filed by the parties.

2. This provision appears at A20 of the Joint Appendix.

nation agreement are at the core of this appeal. The relevant paragraphs of the September 15, 1985 purchase agreement are as follows:

7.3 For the period of 10 years, effective today, however at any rate during the somewhat shorter legally admissible period, Seller binds himself never to use a name, a trademark, an equipment or a presentation, which is currently being used by ABC or ABI or which can be confused with that used by ABC or ABI, in connection with the manufacturing or sale of goods, which compete with any product that ABC or ABI manufactures or has sold, presently manufactures or sells, or the manufacturing or sale of which is currently in the planning stage. A47.

8.6 In case provisions of this contract are or become inoperative or not feasible, in whole or in part ..., then the validity of this contract shall not be affected for its remaining part.... This applies also when the inoperativeness of a provision is perhaps based on a performance or time (period or term) measure standardized in this contract; in such cases, a ... legally admissible performance measure shall then replace the one that has been agreed upon. A49.

8.9 Any disputes between contract parties arising from this contract shall be decided upon by a Court of Arbitration in Frankfurt/Main as detailed in a separate instrument, while excluding the regular legal channels. A50.

The relevant sections of the 1986 termination agreement, effective September 30, 1986, are as follows:

6. Restrictions on Competition. The provisions of Paragraph 6 of the Employment Agreement are hereby terminated and shall be of no further force and effect. The provisions of Article 7 (namely §§ 7.1, 7.2, 7.3, 7.4, and 7.5) of the Purchase Agreement shall, except as modified below, continue in full force and effect, and the parties further agree, with respect to such provisions, that:

. . . .

b. Confirming the provisions of § 8.8 of the Purchase Agreement, all of the provisions of Article 7 shall be governed by the law of the Federal Republic of Germany.

c. As specified in § 8.9 of the Purchase Agreement, any dispute between the parties arising under Article 7 of the Purchase Agreement shall be subject to binding arbitration in Frankfurt am Main, Federal Republic of Germany. A43.

Citing the foregoing provisions, the defendants moved to stay the district court suit, contending that the controversy was subject to arbitration.

In February 1992 the district court granted defendants' motion to stay, concluding that the trademark claims pled by Binzel U.S. were arbitrable in Germany under the above-quoted Paragraph 6c of the 1986 termination agreement. At the same time the case was placed on the court's inactive calendar "to be noticed up by the parties if the matter is not concluded by arbitration" (A34). The time to reinstate the cause of action was eventually extended to August 1, 1995(A33).

In February 1995 the German arbitration tribunal entered an award resolving in plaintiffs' favor the issue of confusing similarity between the products of Binzel and plaintiffs. In the arbitration, Binzel Germany requested relief from September 15, 1985 until September 15, 1995, but under German law the arbitrators shortened the time until January 15, 1991, explaining that "the acquisitor [Binzel Germany] retains a protection in terms of trade mark and competition regulations based on the law."

The arbitration tribunal determined that costs of the arbitration proceedings were to be borne two-thirds by plaintiffs and one-third by defendants but left open for future decision the amount owed plaintiffs by defendants on account of pre-January 15, 1991 unfair competition. Plaintiffs have advised the Court that this question will presumably be resolved in Germany at some future date (Br.10).

Since plaintiffs were successful before the German tribunal, they expect to be compensated for pre-January 1991 violations of the purchase agreement. They are asking the district court to give them relief from trade-

mark and unfair competition violations by defendants since January 1991, asserting that defendants have continued the same activities as condemned by the arbitration tribunal. This lawsuit was filed 83 days after January 15, 1991, the date the arbitration tribunal ruled paragraph 7.3 of the 1985 purchase agreement had expired.

In the district court, plaintiffs asked the court to reinstate their case in order to receive injunctive relief and damages for defendants' acts after January 15, 1991. Since the district court refused reinstatement, plaintiffs have received no remedy for the period between January 15, 1991 and September 15, 1995, the date for which relief is sought under paragraph 7.3 of the purchase agreement (A21).

**Relief**

As noted, the key paragraph of the September 15, 1985 purchase agreement was 7.3, which was meant to be operative for ten years and was allegedly violated by defendants. However, the German arbitrators decided they could not afford relief beyond January 15, 1991, although plaintiffs are seeking relief through ten years, namely, September 15, 1995. Nevertheless, the arbitration tribunal held that plaintiff Binzel Germany "retains a protection in terms of trade mark and competition regulations based on the law." It is that relief that plaintiffs are seeking in the present lawsuit.

We agree with the arbitrators that under paragraph 7.3 of the purchase agreement plaintiffs are entitled to relief against defendants in the court below for the period from January 15, 1991 until September 15, 1995, the expiration date of the purchase agreement. Consequently, the cause must be remanded to the district court to afford plaintiffs relief for that period. Otherwise the plaintiffs would be without any remedy for defendants' torts between January 15, 1991 and the September 15, 1995 expiration date of the purchase agreement. Even though defendants are allegedly continuing the activities condemned by the arbitration tribunal, to hold otherwise would deprive plaintiffs of any agreed-upon remedy between January 15, 1991 and September 15, 1995. The arbitrators themselves interpreted paragraph 7.3 as a supplement by holding that beyond January 15, 1991, plaintiffs still had "protection in terms of trade mark and competition regulations based on the law," even though the arbitration period expired on January 15, 1991. The effect of the decision below empowers defendants to compete as they wish from January 15, 1991 to September 15, 1995, even though plaintiffs did not intend so to limit their remedies.

There is nothing to show that the purchase agreement meant that plaintiffs were barred from pursuing remedies against defendants after January 15, 1991, the date chosen by the arbitrators as the close of the arbitration period. The arbitrators themselves recognized that plaintiffs should still have "a protection in terms of trade mark and competition regulations based on the law." Consequently, on remand, the district court must afford plaintiffs relief from January 15, 1991 until September 15, 1995, the expiration date of the purchase agreement. In selecting January 15, 1991 as the termination date for the German arbitration, the arbitrators themselves relied upon the fact that plaintiffs retained the protection "of trade mark and competition regulations based on the law." Properly interpreted, we think the contract under German law provided arbitration until January 15, 1991, and thereafter the parties were left to judicial redress here. Compare *Frito Lay, Inc. v. So Good Potato Chip Co.*, 540 F.2d 927 (8th Cir.1976). Therefore, this cause must be returned to the district court to establish plaintiffs' rights to injunctive and monetary relief for alleged violations by defendants from January 15, 1991 until September 15, 1995, the termination date of the purchase agreement. The district court is ordered to reinstate this cause and permit plaintiffs to take additional discovery and prepare for trial, which shall be held promptly thereafter unless a settlement is reached. The case shall be reassigned to a different judge pursuant to Circuit Rule 36.

Reversed and remanded.